IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NAYDA OLMO CARMONA<br>40 S. Garland Avenue<br>Youngstown, OH 44505 | ) ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | JUDGE |
| vs. | ) ) ) | |
| ZIDIAN MANUFACTURING, INC.<br>65 Coitsville-Hubbard Rd.<br>Youngstown, OH 44505 | ) ) ) ) | **COMPLAINT** |
| c/o Tom Zidian, Statutory Agent<br>574 McClurg Rd.<br>Youngstown, OH  44512 | ) ) ) ) ) | ***Jury Demand Endorsed Hereon*** |
| – and – | ) ) | |
| SCOTT LARCH<br>c/o Zidian Manufacturing, Inc.<br>65 Coitsville-Hubbard Rd.<br>Youngstown, OH 44505 | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, NAYDA OLMO CARMONA, as and for her complaint against Defendants, states and avers the following:

**PARTIES AND VENUE**

1. Defendant ZIDIAN MANUFACTURING, INC., (hereinafter "ZIDIAN") is an Ohio corporation registered under the laws of the State of Ohio and authorized to do business in Ohio with its principal place of business in the Township of Coitsville, County of Mahoning, and, at all times material was engaged in the food product manufacturing business substantially affecting interstate commerce.

2. Defendant SCOTT LARCH (hereinafter "LARCH") is the day shift supervisor of all day shift employees for ZIDIAN, including Plaintiff.

3. Plaintiff is a female and at all relevant times a resident of Youngstown, Mahoning County, Ohio.

## JURISDICTION & VENUE

4. This action is instituted pursuant to Title VII of the Civil Rights Act of 1943, as amended, 42 U.S.C.A. §2000(e), *et seq.*, providing for relief from discrimination in employment on the basis of sex and national origin.

5. Jurisdiction is conferred by 29 U.S.C. §626(c) and 28 U.S.C. §1331.

6. The material events alleged in this Complaint occurred in the Northern District of Ohio over which this Court has jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Plaintiff and Defendants are located in Mahoning County and all claims arose in Mahoning County, Ohio.

8. Plaintiff timely filed a charge with the Ohio Civil Rights Commission (attached Exhibit A), alleging discrimination in employment on the basis of sex and national origin. Her Notice of Right to Sue is attached as Exhibit B.

## FACTS

9. Plaintiff is a former employee of ZIDIAN.

10. Plaintiff was born in Puerto Rico and is 48 years old.

11. Plaintiff was employed by ZIDIAN from March 25, 2019 to December 12, 2019.  She was a tomato prep operator and mixer in the Tomato Room of ZIDIAN, and reported directly to LARCH.

12. The Tomato Room is a smaller room that is located between the two much larger departments of ZIDIAN, the Food Service Room and the Packaging department.  The Tomato Room has four doors that connect it to the Food Service Room and the Packaging department.

13. There are two 12-hour shifts at ZIDIAN: the day shift which is from 3 a.m. to 3 p.m., and the night shift which is from 3 p.m. to 3 a.m.  Plaintiff worked the day shift.

14. The entire ZIDIAN plant has two supervisors -- one is the day-shift supervisor and the other the night-shift supervisor.  Defendant LARCH was the day shift supervisor to whom Plaintiff reported.

15. Although Plaintiff generally worked with two co-workers in the Tomato Room, there were many times when she worked with just one other co-worker or worked completely alone.

16. Throughout Plaintiff's employment at ZIDIAN, Plaintiff was subjected to continuing sexual harassment by her supervisor LARCH, which eventually forced Plaintiff to resign on or about December 12, 2019.

17. The sexual harassment to which Plaintiff was subjected was pervasive and outrageous, and included the following:

   a. Sometime in June 2019 "in the morning when there was nobody except me in the department, as I was doing my job, I was on the third step of the ladder pouring corn starch into the chopper, I felt someone punch me real hard in my right butt cheek. When I turned around, I saw Scott.  I was shocked a boss [LARCH] would do that to an employee. I stayed quiet and didn't want any problems and I needed the job."

   b. Next, "another day in the tomato room, again I was by myself. I was ben[t] over to grab the pasta from the bin on the floor.  I felt someone get behind me and put

    their priv[ate]s on my butt.  I straightened myself up quickly to see who it was, and it was Scott [LARCH] again.  This time I started fearing what would happen next."

    c. The third time, "I was sitting on some plastic rolls in the tomato room, but here he comes again to me but this time as I was sitting down when I look to the side, he has his priv[ate]s on my cheek.  There was nobody but me and him."

    d. "There were more incidents, including the other day when he came up to me and picked me up really fast and put his face with mine[], but then he put me right down quickly."

    e. "There were many times that he pushe[d] my shoulders from behind down with force."  "These harassments have me terrified and it's been happening 4 months ago, but now constantly."

    f. Moreover, LARCH used profanity and made lewd statements to Plaintiff.

18. And he did this to others: "In addition, since Glorimar [Ortiz] has been working here, I am a witness of seeing all the inappropriate things he also does to her, as he has been doing to me.  I can personally say the one time they were walking together, and I saw him touching her thigh and telling her that she couldn't use those pants, that she had to wear old lady clothes because she was wearing leggings.  For that[] reason she quit.  Allan [Grossman] told me that Scott [LARCH] think[s] she quit because of him touching her."

19. On or about October 7, 2019 Plaintiff and Glorimar Ortiz went to the ZIDIAN Human Resource office and formally complained about the sexual harassment and about LARCH.

20. They were promised a fair investigation, but ZIDIAN instead conducted a perfunctory inquiry, and this centered on whether LARCH was "bullying" them.  It concluded that he had

and on October 25, 2019, ZIDIAN suspended LARCH for five (5) days. ZIDIAN also allowed Plaintiff to report to Allan Grossman (her Batch-maker Lead) instead of LARCH. There was no acknowledgment that he had sexually harassed Plaintiff or other any woman, but only that he was "bullying" for which ZIDIAN requested sensitivity training. See Exhibit C. With nothing further, LARCH continued to be the day shift supervisor.

21. After this slap-on-the-wrist 5-day discipline and merely a finding of "bullying," LARCH continued to harass Plaintiff as he walked through the tomato room. And when others were in the tomato room, he would walk through and pause to stare in a menacing way. Or he would pause to smirk at her. When Plaintiff was alone, LARCH would walk right next to her, just as before, putting her in fear that he would rub up against her -- with force.

22. Plaintiff reported all this to Allen Grossman who assured that he would protect her.

23. Despite Allan Grossman's assurance, Plaintiff grew more and more fearful of LARCH because she knew that Allen could not always be there for her.

24. Needless to say, Defendants created a sexually hostile work environment for Plaintiff that and substantially interfered with her ability to perform her job. She could not take it any longer and on December 11, 2020 she was compelled to quit her job with ZIDIAN.

25. As a result of Defendants' conduct, Plaintiff has suffered emotional distress and humiliation for which she received counseling, and she incurred a wage loss and sustained damages to be proven at trial.

## COUNT I
### (Sexual Harassment)

26. Plaintiff restates each and every prior paragraph of this complaint, as it were fully restated herein.

27. Defendants discriminated against Plaintiff because of her gender.

28. Plaintiff was subjected to unwelcome sexual conduct in the form of a sexually hostile work environment, including unwelcome and offensive touching of Plaintiff's person by LARCH.

29. The sexual harassment of Plaintiff was frequent and pervasive.

30. The conduct of LARCH was patently offensive and hostile.

31. Plaintiff filed a complaint with ZIDIAN, but it failed to prevent and promptly correct LARCH's sexually harassing and discriminatory behavior.

32. LARCH's conduct was never remedied and Plaintiff was forced to terminate her employment relationship with ZIDIAN because of its failure to stop the harassment to which LARCH was subjecting Plaintiff.

33. Defendants' conduct constitutes sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*

34. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged.

## COUNT II
### (National Origin)

35. Plaintiff restates each and every prior paragraph of this complaint, as it were fully restated herein.

36. Defendants discriminated against Plaintiff, including, but not limited to, treating her differently than similarly situated employees because of her national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*

37. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged.

## COUNT III
### (Negligent retention and supervision)

38. Plaintiff restates each and every prior paragraph of this complaint, as it were fully restated herein.

39. ZIDIAN had knowledge of LARCH's tendencies to sexually harass women of Puerto Rican descent who particularly feared the loss of their employment.

40. It was foreseeable to ZIDIAN that LARCH would continue to impose a hostile work environment on Plaintiff and LARCH should have not been retained as the day shift supervisor.

41. ZIDIAN had the duty to supervise LARCH.

42. ZIDIAN breached that duty when it failed to exercise ordinary care in supervising LARCH's conduct in relation to Plaintiff, and prevent the foreseeable harm to Plaintiff by LARCH.

43. As a direct and proximate result of ZIDIAN's negligent retention and supervision of LARCH, Plaintiff has been damaged.

## COUNT IV
### (Assault and Battery)

44. Plaintiff restates each and every prior paragraph of this complaint, as it were fully restated herein.

45. LARCH assaulted Plaintiff when she was standing on a ladder and he came from behind, startled her, and punched her buttocks.

46. LARCH assaulted Plaintiff again when he grabbed and pushed Plaintiff's buttocks up against his genitals while Plaintiff was bending over.

47. LARCH assaulted Plaintiff for the third time when he put his genitals up against her face.

48. LARCH's picking up Plaintiff off the floor, hugging her, and putting his face up against hers also constitutes assault and battery.

49. LARCH's pushing down upon Plaintiff's shoulders constitutes assault and battery.

50. As a proximate result of the assault and battery committed by LARCH, Plaintiff has sustained emotional distress that has caused and will continue to cause Plaintiff great pain and suffering, both mental and physical.

WHEREFORE, Plaintiff prays for judgment against Defendant ZIDIAN MANUFACTURING, INC., and its supervisor, Defendant SCOTT LARCH, jointly and severally, as follows:

a. Back pay and fringe benefits;

b. Front pay and fringe benefits;

c. Emotional distress damages;

d. Punitive damages;

e. Incidental and consequential damages;

f. Liquidated damages in an amount equal to her award of back pay and fringe benefits;

g. Pre-judgment interest;

h. Attorneys' fees and costs; and

i. For such other and further relief as the court deems just.

PLAINTIFF FURTHER DEMANDS TRIAL BY JURY.

    */s/ Irene K. Makridis*
Irene K. Makridis, 0016760
Attorney for Plaintiff
155 S. Park Ave., Suite 160
Warren, OH  44481
T: (330) 394-1587 | F: (330) 394-3070
office@makridislaw.com